**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50312 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00622-LAB-1 |
| v. | |
| MARCELO JOEL SANTOS-CORDERO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry Alan Burns, District Judge, Presiding

Argued and Submitted August 31, 2016
Pasadena, California

Before: WARDLAW and BYBEE, Circuit Judges and ZIPPS,[**] District Judge.

Appellant Marcelo Santos-Cordero was convicted by a jury for illegal reentry, in violation of 8 U.S.C. § 1326, and making a false claim to United States citizenship, in violation of 18 U.S.C. § 911. On appeal, he argues the district court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

misapplied the procedure outlined in *Batson v. Kentucky,* 476 U.S. 79 (1986), when evaluating the Government's peremptory strike of a Hispanic juror.

A *Batson* challenge is evaluated using a three-step procedure. In the first step, "the defendant must make out a *prima facie* case 'by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose.'" *Johnson v. California*, 545 U.S. 162, 168 (2005) (quoting *Batson*, 476 U.S. at 93–94). Second, if that *prima facie* case is made out, the "'burden shifts to the State to explain adequately the racial exclusion' by offering permissible race-neutral justifications for the strikes." *Id.* (quoting *Batson*, 476 U.S. at 94). Third, the trial court must decide whether, given all of the relevant facts, the race-neutral justification is credible, or defendant has proven purposeful discrimination. *Id.*

The district court violated the procedure outlined in *Batson* when at step one, before offering defense counsel an opportunity to explain its objection, it offered its own speculation as to reasons the prosecutor might have challenged the juror. *Currie v. McDowell*, 825 F.3d 603, 609–10 (9th Cir. 2016); *Paulino v. Castro*, 371 F.3d 1083, 1090 (9th Cir. 2004). The district court responded to Santos-Cordero's *Batson* challenge by stating that while the juror appeared to be Hispanic, she had clearly displayed great hesitance in her answers about immigration and there was no evidence to suggest the challenge was exercised on an invidious basis. "[I]t

does not matter that the prosecutor might have had good reasons to strike the prospective jurors. What matters is the *real* reason they were stricken." *Paulino*, 825 F.3d at 1090. "[T]he existence of 'grounds upon which a prosecutor could reasonably have premised a challenge,' does not suffice to defeat an inference of racial bias at the first step of the *Batson* framework." *Johnson v. Finn*, 665 F.3d 1063, 1069 (9th Cir. 2011). Therefore, the district court erred by relying on its own speculation about the prosecutor's potential reasons for striking the juror when it concluded that a *prima facia* showing of discrimination had not been made at step one.

Accordingly, we remand this case to the district court to conduct a proper *Batson* analysis.

**REVERSED.**