**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50015 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:15-cr-00622-LAB-1 |
| MARCELO JOEL SANTOS-CORDERO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 8, 2018
Pasadena, California

Before: CLIFTON and CALLAHAN, Circuit Judges, and HOYT,** District Judge.

Marcelo Joel Santos-Cordero (Santos) appeals from the district court's

denial on remand of his challenge to the government's peremptory challenge to a

Hispanic juror. *See Batson v. Kentucky*, 476 U.S. 79 (1986). In particular, Santos

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

asserts that even on remand the district court misunderstood the purpose of a *Batson* proceeding and was overly concerned with labeling the prosecutor as racist. He also argues that the prosecutors should be compelled to submit their jury selection notes to the district court for *in camera* review. We affirm.[1]

**1.** Whether the district court properly applied the *Batson* framework is reviewed *de novo* and its findings are reviewed for clear error. *United States v. Alvarez-Ulloa*, 784 F.3d 558, 565 (9th Cir. 2015). Also, the opponent to the strike has the burden of proving a challenge was improper by a preponderance of the evidence. *Shirley v. Yates*, 807 F.3d 1090, 1107 (9th Cir. 2015).

In Santos's initial appeal, the Ninth Circuit determined that the district court had violated the *Batson* framework when, "before offering defense counsel an opportunity to explain its objection, it offered its own speculation as to reasons the prosecutor might have challenged the juror." *United States v. Santos-Cordero,* 669 F. App'x 417, 418 (9th Cir. 2016).

On remand, the district court, although asserting that it had not speculated, allowed Santos's counsel to explain the *Batson* objection and had the prosecutor state her reasons for the challenge. The court then held that the explanation—that

---

[1] Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Ms. Perez's answers had demonstrated a lack of confidence in her ability to be impartial—was racially neutral, conformed to the court's observation of Ms. Perez, and did not reflect a systematic pattern of discrimination. Santos offered nothing to suggest that Ms. Perez's answers did not reflect a lack of confidence.

Instead, Santos argues that because the district court's conclusion "was the result of a faulty process," it cannot stand. But this elevates form over substance. The district court ultimately completed the three steps of the *Batson* process and the record fully supports the determination that Santos has failed to show a discriminatory purpose for the challenge.

**2.** Although courts have reviewed jury selection notes when adjudicating *Batson* challenges, no court has suggested that the prosecutor is compelled to disclose those notes, even for *in camera* inspection. Here, the evidentiary hearing on remand was only two years after voir dire, the original prosecutor participated in the hearing and had a clear memory of voir dire, and there are no inconsistencies or questionable representations by the prosecutor that might suggest a discriminatory purpose. Thus, even if in some instance a prosecutor might be compelled to disclose jury selection notes, Santos has not shown the need for such an unprecedented holding in this case.

The district court's rejection of Santos' *Batson* claim is **AFFIRMED**.

3